THE PEOPLE *ex rel.* GILBERT ROBINSON *v.* BENJAMIN FERRIS and others, referees.

Where a common law certiorari is directed to the board of commissioners of highways to bring up the proceedings and determination of such officers for review, the Supreme Court can only affirm or reverse their proceedings or decision.

If the court goes further, and sets aside the order appointing the referees, and orders the appointment of a new board — it acts without jurisdiction — and such part of the order will be void.

But such void part of the order may be set aside on motion to the Supreme Court, or on appeal to this court.

But on appeal, such part of the order will be reversed without costs to either party.

*John H. Reynolds,* for the appellant.

*James S. Coon,* for the respondents.

BOCKES, J. This is an appeal from an order of the General Term of the Supreme Court, in the fourth district, made in a case brought before that court by common law *certiorari.*

· Proceedings were taken, under the statute, to lay out a public highway through the inclosed lands of the relator, Gilbert Robinson and one Stephen Timmerman, in the town of Argyle, Washington county, which resulted in an order by the commissioners of highways of the town laying out the proposed road. An appeal from this order was taken, as provided by law, whereupon the county judge appointed three referees to hear and determine the appeal. The referees having notified the parties entitled to notice, proceeded in the execution of their duties, and finally (January

26th, 1858) made an order, concurred in and signed by two of their number, by which they affirmed the order of the commissioners laying out the road. The relator sued out a common law *certiorari*, directed to the referees, to which they made return of their proceedings, and on which return the case was heard and decided by the Supreme Court. That court made an order as follows: " Decision of the referees vacated ; *order appointing them set aside, the appeal to stand, to be determined by a new board of referees, to be appointed by the county judge."*

The case is here on an appeal from the latter portion of the order above italicized. It will be observed that the part of the order vacating the decision of the referees is not appealed from, and, of course, is not under review. That was equivalent to a reversal, by the Supreme Court, of the proceedings and order of the referees, and to that extent the order stands unchallenged before this court. The propriety or validity of the remaining portion of the order, is the subject of the present examination.

The *certiorari* was directed to the referees and brought up for review only the proceedings and determination of those officers, and the only duty devolving on the Supreme Court was to affirm or reverse their proceedings and decision. This was the extent of the authority resting in that court. (10 Wend., 167 ; 3 Hill. 426 ; 5 id., 413 ; 7 id., 577.) It did not bring up the proceedings prior to their appointment, or present any question in regard to the regularity or correctness of the order appointing them ; and it must necessarily follow that it was erroneous in that court to set aside such order, and prescribe future action in the case. As above suggested, the authority of the Supreme Court was limited to a reversal or affirmance of the order and proceedings of the referees.

It is urged that the part of the order appealed from, if without authority, was simply void ; and that no appeal from such part could therefore be taken to this court. On the argument it was stated and conceded that a motion had been made to dismiss the appeal on this and other grounds, and

that the motion was denied. Such decision must conclude the parties as regards that question. Besides it has been the constant practice of courts of review to reverse judgments and orders granted without jurisdiction. This is often the only way in which the records of the courts can be purged of errors and dangerous precedents.

In this case the error complained of doubtless occurred through the merest inadvertence, and could and would have been corrected by the Supreme Court on motion or even suggestion, and that would have obviated this appeal. I am therefore directed to say as the opinion of the court, that the reversal of the part of the order appealed from should be without costs of appeal.

All the judges concurred in the above opinion.

The part of the order appealed from reversed without costs.