# Court of Appeals.

*October*, 1891.

## PEOPLE *v.* TREZZA.

## PEOPLE ex rel. TREZZA *v.* BRUSH.

MOTION FOR NEW TRIAL AFTER JUDGMENT—APPEAL—STAY OF EXECUTION—CODE CRIM. PROC. § 528.

No appeal lies from an order denying a motion for a new trial on the ground of newly-discovered evidence made after judgment in a criminal case.

Appeals in criminal cases are purely statutory, and there is no statutory provision authorizing an appeal from an order denying a new trial, except as incident to an appeal from the judgment.

Where only one mode of execution exists, a warrant, which directs the execution to be done by putting the defendant to death " in the mode, manner, and way, and at the place by law prescribed and provided," is sufficiently definite and specific.

An appeal to the court of appeals from a conviction in a capital case stays the judgment of death only, and not that part of the judgment providing for the custody of the defendant during the time between his removal to the state prison and his execution.

Appeals by defendant Nicola Trezza from two orders of the general term of the supreme court in the second department, entered July 2, 1891, which orders were :

First, An order in the case of People *v.* Trezza, affirming an order denying an application for a stay of proceedings pending an appeal to the general term of the supreme court, from an order denying a motion

made after judgment, for a new trial upon the ground of newly-discovered evidence.

Second, An order in the matter of People *ex rel.* Trezza *v.* Brush, affirming an order dismissing a writ of *habeas corpus.*

Both of the applications were made after the affirmance by the court of appeals, reported *ante,* page 283, of the conviction of defendant of the crime of murder in the first degree.

The opinion of the general term on the appeal from the order denying the motion for a stay of proceedings, was as follows :

BARNARD, P.J.—" The defendant was convicted of murder in the first degree.   He made an application for a new trial on the ground of newly-discovered evidence, and the same was denied.   An appeal was taken to the general term, which is still pending.   A stay during the appeal was denied, because no appeal was proper from the decision denying the new trial.   The point is decided by the general term in People *v.* Hovey (30 *Hun,* 357 ; 1 *N. Y. Crim. Rep.* 324).   Appeals in criminal cases are provided for, but no provision is made for a service of an order denying a motion for a new trial made after judgment, unless the proceedings are embodied in the judgment roll.   The order should therefore be affirmed."

DYKMAN, J., concurred.

Upon the appeal from the order dismissing the writ of *habeas corpus,* the opinion of the general term was as follows :

BARNARD, P.J.—" The appellant was convicted of murder in the first degree in Kings county, and sentenced to be executed within the week beginning 21st of July, 1890.   An appeal was taken, and the time fixed for the execution of the appellant passed by, the appeal

operating as a stay of execution by law. On the 24th of February, 1891, the conviction was affirmed by the court of appeals. On the 6th of March, 1891, the convict was resentenced to death during the week beginning on the 20th of April, 1891, 'in the mode, manner, and way, and at the place prescribed and provided by law.' The prisoner was, pending the appeal, in the state prison at Sing Sing, and upon the second sentence was again taken there. A writ of *habeas corpus* was applied for by him, and this application was denied. The prisoner claims that he is entitled to his discharge because he suffers punishment twice, in this : that pending the appeal he was kept in solitary confinement, and upon the second sentence he is returned to the same confinement. The point is without foundation, even if the solitary confinement pending appeal was improper. It was ended with the second sentence, and now such confinement is legal. The stay of execution in the statute stayed physical death, and it may be that on application by the convict the solitary confinement might have been ordered to cease as well as the death penalty ; but such confinement was not within the provisions of law that a person cannot be convicted or punished twice for the same crime. The confinement was entirely right. The prisoner was delivered to the warden of the state prison in accordance with law. The stay, by the appeal, was only of the 'execution' until the determination of the appeal (*Code Crim. Pro.* § 528). The right to detain a convicted murderer in the state prison, was not stayed, but the enforcement of the death penalty only, by this section. The sentence itself was proper. The mode of inflicting death upon the prisoner is minutely provided for by statute (section 491, *Code Crim. Pro. ;* Chapter 489, *Laws* 1885). The sentence was that the execution was to be carried out in the mode, manner, and way provided by law for the execution of the sentence. The justification for the death is under the law, and a sentence could add

to the force of the statute so as to protect the warden. The writ was properly denied, and the order should be affirmed.

DYKMAN and PRATT, JJ., concurred.

*A. H. Daily,* for defendant, appellant.

*Jas. W. Ridgeway,* district attorney ; *Jno. F. Clarke,* assistant, for the people, respondent.

The opinion of the court of appeals was as follows:

ANDREWS, J.—The appeal in the case first entitled is. from an order of the general term of the second department, affirming an order made by Justice CALVIN E. PRATT, denying an application of Trezza for a stay of proceedings pending an appeal by him to the general term of the supreme court from an order of the court of sessions of Kings county, denying his motion for a new trial on the ground of newly-discovered evidence. Trezza was tried, convicted, and sentenced at the court of sessions of Kings county for the crime of murder in the first degree.   He appealed from the judgment to the court of appeals, under the statute (chapter 493, *Laws* 1887), where the judgment was affirmed (8 *N. Y. Crim. Rep.* 283).   The motion for a new trial was made after judgment of affirmance had been rendered.   The motion to stay proceedings was denied on the ground that there is no statute authorizing an appeal from an order denying a motion for a new trial, under the circumstances of this. case.   The refusal of the stay was plainly correct if no right to appeal from the order refusing a new trial in such case existed.   The right of appeal in criminal cases. is statutory only, and in the absence of a statute authorizing an appeal in a given case, no appeal can be taken. The court in which the trial of an indictment is had has power to entertain a motion for a new trial on the

ground of newly-discovered evidence (*Code. Crim. Proc.* §§ 463, 465), and may grant or refuse it. The Code of Criminal Procedure (title 11) defines and regulates the right of appeal in criminal cases. Section 517, as originally enacted, was as follows : " Sec. 517. An appeal to the supreme court may be taken by the defendant from the judgment on a conviction after indictment, and upon any appeal any actual decision of the court in an intermediate order or proceeding forming a part of the judgment roll as prescribed in section 485, may be reviewed." By section 485 a copy of the minutes of any proceedings upon a motion for a new trial is required to be annexed to and forms a part of the judgment roll. Section 517 was amended by chapter 493 of the Laws of 1887, by providing that when the judgment is of death, the appeal must be taken direct to the court of appeals ; and that court was authorized to review any intermediate order or proceeding forming part of the judgment roll, as the supreme court was authorized to do by the original section.

It will be observed that the section only authorizes a review of intermediate orders and proceedings in connection with an appeal from the judgment, and when they are embodied in the judgment roll. There is no statute provision authorizing an appeal from an order denying a new trial, except as incident to an appeal from the judgment.

It is said that the legislature could not have intended to permit an appeal from such an order in that case, and to deny it where the application for a new trial is made after final judgment of affirmance and denied, when it would be too late to make the proceedings a part of the judgment roll. The legislature seemed to assume that such proceedings would in all cases be taken before an appeal from the judgment. It may be that the failure to provide for an appeal in such a case as this was *casus omissus*. But the courts must be guided by the law as

it is, and cannot give an appeal where none is given by the statute, and there is no statute authorizing an appeal from an order denying a new trial, made after the roll is made up, and the final affirmance of the judgment.

The contention that the legislature, in abolishing writs of error and *certiorari*, as was done by section 517, did not intend to take away any remedies formerly obtainable in those proceedings, has no force, for the reason that neither a writ of error nor *certiorari* would bring up for review an order denying a motion for a new trial, made on the ground that the verdict was against the weight of evidence, or on the ground of newly-discovered evidence (Shorter *v.* People, 2 *N. Y.* 193; Manke *v.* People, 74 *N. Y.* 415; People *v.* Casey, 72 *N. Y.* 393; Hunt *v.* People, 76 *N. Y.* 89; People *v.* Board, 69 *N. Y.* 408; People *v.* Betts, 55 *N. Y.* 600). There was no error in the order of the general term affirming the order of Justice PRATT, refusing a stay of proceedings, and it should therefore be affirmed.

The appeal in the second case above entitled is from an order of the general term affirming an order of Mr. Justice CULLEN, dismissing a writ of *habeas corpus*, granted upon the application of Trezza for his discharge from imprisonment in the state prison at Sing Sing, and remanding him to the custody of the agent and warden.

When the writ was granted, Trezza was held by the agent and warden under a warrant issued by the court of sessions of Kings county, dated March 6, 1891, reciting his conviction on an indictment charging him with the crime of murder of one Alexander Salvano, in that county, on the 6th day of April, 1890, his trial, conviction, and sentence to the punishment of death; and that he be delivered by the sheriff, within ten days from the date of his sentence, to the said agent and warden of the state prison at Sing Sing; and that said agent and warden, within the week beginning Monday, the 21st of July, 1890, execute him, the said Trezza, " by putting

him to death in the mode, manner, and way, and at the place by law prescribed and provided;" that Trezza, on the 5th of June, 1890, appealed from the judgment to the court of appeals, which court affirmed the judgment February 24, 1891; that Trezza was resentenced by the court of sessions of Kings county to be executed during the week beginning Monday, the 20th day of April, 1891. The warrant then proceeded to command the agent and warden to whom it was addressed to cause the said judgment and sentence to be executed within the week last mentioned, " by putting him, the said Nicola Trezza, to death in the mode, manner, and way, and at the place by law prescribed and provided." It appears that after the appeal taken by Trezza he was taken to Sing Sing prison, and there detained in close confinement, where he remained until he was taken to Kings county for resentence, and was then remanded again to the custody of the agent and warden of the state prison.

There are two grounds urged for the discharge of Trezza: First, That the sentence did not specify the mode in which the death should be inflicted, viz., that provided by the statute of 1888 (chapter 489), "by causing to pass through the body of the convict a current of electricity of sufficient intensity to cause death, and the application of such current must be continued until such convict be dead." We think there is no ground for this contention. The agent and warden was commanded to put the convict to death in the mode provided and prescribed by law. The recital in the warrant showed that the convict was convicted for murder committed after the statute of 1888 was passed, and therefore was subject to that statute. The sentence was death. This was not left to inference, and the warrant commanded the punishment to be inflicted. The agent and warden was required to inflict it in the mode provided by law, and this law he must be presumed to have known. The court

presumably could not prescribe by any measurement the intensity of the current of electricity required to produce death, or specify the exact time the current should be continued. These things must of necessity be left to the judgment of the agent or warden.

We think the warrant was sufficiently definite and specific. It has undoubtedly been the practice, when death by hanging was the mode of punishment prescribed in cases of convictions for capital offences, to specify this in the sentence and judgment. This practice was derived from the common law, which prescribed different modes of death in different cases, and was adopted to distinguish this mode of execution from that in cases of conviction for high treason and other atrocious crimes, where the judgment directed that the condemned person should be drawn to the place of execution, disembowelled alive, and then be beheaded and quartered (2 *Bl. Comm.* 376; 2 *Hale, P. C.* 412.) But here, where but one mode of execution exists, no greater particularity than that employed in the judgment in question seems to be necessary (see People *v.* Bork, 96 *N. Y.* 188, 2 *N. Y. Crim. Rep.* 177; People *ex rel.* Van Houten *v.* Sadler, 97 *N. Y.* 146, 3 *N. Y. Crim. Rep.* 471; Weed *v.* People, 31 *N. Y.* 465). The objection is, we think, untenable.

The second ground upon which the discharge of Trezza is claimed is that he has been once punished. The argument is that the appeal to the court of appeals after the first sentence stayed both the execution of the direction that Trezza should be kept in solitary confinement until the execution of the death penalty, as well as the part of the sentence that he be put to death, but that, as his solitary confinement in the state-prison was continued pending the appeal, and that, as was held in the case *In re* Medley (134 *U. S.* 160) the sentence to solitary confinement accompanying the death sentence is a part of the punishment; he has suffered that part

once, and could not lawfully be resentenced to close confinement, to be followed by death.

If the counsel is right in respect to the operation of the appeal as staying both a continuance of the close confinement and the execution of the death penalty, then it simply follows that Trezza was unlawfully imprisoned, and the usual remedy for the illegal restraint was open to him. This restraint was, in this view, not the act of the law, but the illegal act of the agent or warden. The convict could not elect to submit to it, and then treat it as a satisfaction of the sentence. But we agree with the learned judge before whom the proceeding was taken, that, by the true construction of section 528 of the Code of Criminal Procedure, as amended in 1887, an appeal to this court from a conviction in a capital case stays the judgment of death only and not that part of the judgment providing for the custody of the defendant between his removal to the state-prison and his execution. This would seem to be all that a convicted criminal could of right demand, and an opposite construction would occasion much inconvenience.

Whether an appeal in a criminal case stays the execution of the sentence depends upon the statute. It not infrequently happens that the execution of a sentence to imprisonment continues notwithstanding an appeal. The convict, if he obtains a reversal of the judgment, and is again convicted on a second trial, may be sentenced to a new term of imprisonment, and the court is not bound to regulate the second sentence in view of the fact that the convict has already suffered imprisonment under the first sentence. The resentence in the present case was rendered necessary by reason of the fact that Trezza, by his own act, in his own interest, had by his appeal prevented the execution of the death penalty at the time fixed by the first sentence. The construction of section 528 is not entirely clear,

but the construction we have given is justified by the language, and it probably accords with the intention of the legislature. We think the order in this case should be affirmed.

All concur.