# Court of Appeals.

February 9, 1897.

## PEOPLE v. ARTHUR MAYHEW.

APPEAL—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

An order of the supreme court in a criminal action, denying a motion for a new trial upon the ground of newly discovered evidence, made after an affirmance by the court of appeals of a final judgment of death, is not review-able by the latter court.

Appeal from an order of the Supreme Court, at a Special Term held in and for the County af Queens, denying a motion for a new trial based upon the ground of newly discovered evidence.

George W. Davison, for motion.

William T. Emmet, opposed.

BARTLETT, J.—This is a motion by the People to dismiss the appeal taken by defendant from an order denying motion for a new trial.

In April, 1896, the defendant was convicted of murder in the first degree by a jury in the County of Queens, and sentenced to death. Under a stay of proceedings an appeal from the judgment

of conviction was argued in this Court, and resulted in an affirm ance (150 N. Y., 346.)

In October, 1896, the defendant was resentenced.

Before the day fixed for his execution Mr. Justice Keogh, who presided at the trial, granted a stay of proceedings to enable the defendant to make a motion for a new trial on the ground of newly discovered evidence, under section 465, subdivision 7, of the Code of Criminal Procedure, which reads as follows: "Where it is made to appear, by affidavit, that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict; if such evidence has been discovered since the trial, is not cumulative; and the failure to produce it on the trial was not owing to want of diligence. The Court in such cases can, however, compel the personal appearance of the affiants before it for the purposes of their personal examination and cross-examination, under oath, upon the contents of the affidavits which they subscribed."

The newly discovered evidence consisted of a retraction of the confession made by John Waynes, an accomplice of the defendant who testified on the trial.

Waynes was brought before Mr. Justice Keogh and examined orally as to the contents of the affidavit he had subscribed in support of the motion for a new trial.

The learned trial Judge denied the motion and handed down a memorandum in writing, which is, in part, as follows: "On the trial Waynes testified that he was with the defendant at the time the murder was committed; that he saw Mayhew strike Stephen Powell a blow with a heavy substance in the end of a long stocking; that Mr. Powell fell and was at once robbed by the defendant, and that he and Mayhew then ran along several streets, their course, as well as what they did as they ran, being described by him with great particularity. Waynes afterwards formally pleaded guilty to the crime of manslaughter as an accomplice of Mayhew in the murder of Mr. Powell, and was sentenced to fifteen years' imprisonment.

"On this application for a new trial Waynes swears that all this testimony of his on the trial was false; that he did not see the de-

fendant strike Mr. Powell, and was not with him at the time Mr. Powell was killed.

"The jury which saw and heard him testify has decided that his testimony then was the truth.    It was corroborated by striking circumstantial evidence.    *   *   *   It is contended by defendant's counsel that subdivision 7 of section 465 of the Code of Criminal Procedure gives the defendant the right to a new trial irrespective of the truth or falsity of the testimony given by Waynes on this application if it appears that such evidence, if given on the former trial, would probably have changed the verdict.   The grounds upon which this application is based and the reasons urged for granting it do not present a case which comes within the meaning and intention of the statute.    The application is denied."

Upon this decision an order was entered on the 6th day of January, 1897, formally denying the motion and vacating the stay of proceedings.

Thereupon the defendant was again resentenced, the death penalty to be inflicted during the week beginning March 7th, 1897. The counsel for the defendant has appealed directly to this Court from the order denying the motion for a new trial, and the District Attorney now moves, on behalf of the People, to dismiss the appeal on the ground that there is no statutory provision authorizing it.

Section 485 of the Code of Criminal Procedure provides in eight subdivisions what papers shall constitute the judgment roll, and the sixth subdivision reads as follows:   "A copy of the minutes of any proceedings upon a motion either for a new trial or in arrest of judgment."

Section 517 provides as follows:   "An appeal to the Supreme Court may be taken by defendant from the judgment on a conviction after indictment, *except that when the judgment is of death the appeal must be taken to the Court of Appeals*, and, upon the appeal, any actual decision of the Court in an intermediate order or proceeding forming a part of the judment roll, as prescribed by section four hundred and eighty-five, may be reviewed. "

This section contemplates that the motions for a new trial and in arrest of judgment will be made before the final appeal and heard in this court as intermediate orders which constitute a part of the judgment roll.

This Court fully considered the point in People v. Trezza (128 N. Y., 529, 533).

Judge Andrews said: "There is no statute provision authorizing an appeal from an order denying a new trial, except as incident to an appeal from the judgment."

The counsel for defendant earnestly insists that there are provisions of the Code of Criminal Procedure under which this appeal can be entertained.

Section 519, subdivision 3, as amended in 1895 by adding this subdivision, is cited as in point, reading as follows:

"From a final determination affecting a substantial right of the defendant."

The fallacy of this contention appears upon reading the opening sentence of the section, which is as follows: "An appeal may be taken from a judgment or order of the Appellate Division of the Supreme Court to the Court of Appeals in the following cases and no other."

This appeal is not from an order of the Appellate Division, but is taken directly from the order of the trial Judge, in the same manner as an appeal from the judgment in capital cases under section 517.

Section 528 is next urged upon our attention, which provides: "When the judgment is of death, the Court of Appeals may order a new trial, if it be satisfied that the verdict was against the weight of evidence or against law, or that justice requires a new trial," &c. The argument of the defendant's counsel is that while this statute applies primarily to the hearing of the appeal from the judgment, yet it is susceptible of such a construction as to cover the present appeal.

We are unable to adopt this view, as the express language of the section makes it clear that it defines the powers of this Court on appeal from the judgment of conviction. We find no change in the Code of Criminal Procedure since the decision of this Court in People v. Trezza (128 N. Y., 529) that authorizes this appeal, and it is clearly without statutory authority.

The appeal from the order of January 6, 1897 denying defendant's motion for a new trial, should be dimissed.

All concur.