## PEOPLE v. CARROLL.

(Supreme Court, Appellate Division, Third Department. May 16, 1905.)

CRIMINAL LAW—APPEAL—STATUTES.

No appeal lies to the Appellate Division from an order denying a motion for the appointment of a referee to take the deposition of a witness in order that it may be used on a motion to set aside an indictment; Code Cr. Proc. § 517, governing the right of a defendant to appeal to the Appellate Division, not giving authority for any such appeal.

Appeal from Special Term.

Prosecution against Margaret Carroll for the felonious abduction of an infant. From an order denying a motion for the appointment

of a referee to take a deposition to be used on a motion to set aside the indictment against the defendant, she appeals. Motion to dismiss the appeal granted.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

George Addington, Dist. Atty., and Robert H. McCormic, Asst. Dist. Atty., for the motion.

Mark Cohn and Peter A. Delaney, opposed.

PER CURIAM. The defendant has been charged by indictment with the felonious abduction of one Lottie Peters, an infant under the age of 18 years, to wit, of the age of 16 years. Upon motion, the court directed the district attorney to deliver to the defendant's attorney the evidence taken before the grand jury upon which the indictment was found. This the district attorney was unable to do, because the evidence was not preserved. Upon the indictment appears the names of the witnesses, Lottie Peters and Gertie Bennett. The defendant has made a motion to dismiss the indictment as secured upon insufficient evidence. In support of that motion, she desires the affidavit of Gertie Bennett to the effect that she did not corroborate the evidence of Lottie Peters as to her age, and gave no testimony thereupon before the grand jury. The witness has refused to make affidavit, and application was made to the Special Term to examine the witness for the sake of procuring her deposition to be used upon the said motion. This application was by the Special Term denied on the ground of want of power to grant the same, and from that denial an appeal was taken to this court. This motion is made by the district attorney to dismiss the appeal as unauthorized.

The motion should be granted. In People v. Bissert, 71 App. Div. 118, 75 N. Y. Supp. 630, it is held that the Code of Criminal Procedure prescribed the procedure which must be followed in all criminal cases. In People v. Trezza, 128 N. Y. 529, 28 N. E. 533, it is held that the right of appeal in criminal cases is statutory only, and, in the absence of a statute authorizing it in a given case, no appeal can be taken. This rule is reiterated in People v. Mayhew, 151 N. Y. 610, 611, 45 N. E. 1123. See, also, People v. Rutherford, 47 App. Div. 209, 62 N. Y. Supp. 224. It is not claimed that there is any statutory provision authorizing the appeal. The right of the defendant to appeal to the Appellate Division is found in section 517 of the Code of Criminal Procedure. This section grants no authority to take the appeal which has been here attempted.

It is urged by the defendant's counsel that the appellate courts have assumed the right of review in cases not within the provisions of section 517 of the Code of Criminal Procedure. There may be cases where jurisdiction has been wrongfully assumed or denied, where public policy will lead an appellate court to entertain an appeal to which no right is given to a party under the statute, to the end that a bad precedent may not be established. See People v. Ferris, 36 N. Y. 219. There can be no public interest which requires us to consider this appeal.

The motion should therefore be granted.