Laws 1895, p. 1294, c. 601, § 25, providing that no city magistrate or justice of the Court of Special Sessions shall hold any other public office, or carry on any other business, or practice as an attorney or counselor at law, but shall devote his whole time and capacity, so far as the public interests demand, to the duties of his office, is constitutional.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Judges, § 72.]

2. JUDGES—REMOVAL—JURISDICTION.
    Under Const. art. 6, § 17, providing that justices of the peace and judges
of inferior courts not of record may be removed for cause after hearing
by such courts as may be prescribed by law, and Laws 1895, p. 1283, c. 601,
the Supreme Court of the county of New York has power to remove a
justice of the Court of Special Sessions for cause.
    [Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Judges, § 43.]

Proceedings for the removal of Joseph M. Deuel from the office of
justice of the Court of Special Sessions for the City of New York for
the First Division. Objections to the petition overruled, and respondent
required to answer.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN,
CLARKE, and HOUGHTON, JJ.

Howard S. Gans, for petitioner.
Edward Lauterbach, for respondent.

PER CURIAM. There was presented to this court, upon notice to
the respondent, a petition praying for the removal of the respondent
from the position of justice of the Court of Special Sessions of the City
of New York. The petition contained certain charges made against
the respondent, and in opposition to the application the respondent ap-
peared, making a preliminary statement, submitting that the petition
should be dismissed, or that the petitioner should be required to file
an amended petition.

The Court of Special Sessions was constituted or continued by chap-
ter 601, p. 1283, of the Laws of 1895. By that act the police courts
of the city of New York were abolished. Provision was made for the
appointment of nine city magistrates, and section 12 provides that
the mayor "shall appoint five justices of the Court of Special Sessions
of the City and County of New York"; and section 13 provides that
the Court of Special Sessions "shall be composed of and must be held
by three of the justices of the Court of Special Sessions appointed
pursuant to this act." Section 25 provides that "no person shall be
appointed to the office of justice of the Court of Special Sessions in the
City of New York, unless he shall be a resident of said city and shall
have been admitted to practice as an attorney and counselor at law in
the courts of this state at least ten years prior to the date of such ap-
pointment"; that "no city magistrate or justice of the Court of Special
Sessions appointed pursuant to this act shall receive to his own use any
fees or perquisites of office, nor shall any such magistrate or justice hold
any other public office, or carry on any business, or practice as an at-
torney or counselor at law in any court in this state, or act as referee;
but each such magistrate or justice shall devote his whole time and
capacity, so far as the public interests demand, to the duties of his
office." Section 28 provides that "the city magistrates and their clerks,
and the justices of the Courts of Special Sessions and the clerk of said
court appointed pursuant to this act may be removed for cause after
due notice and an opportunity of being heard by the General Term of
the Supreme Court in the First Department; or, after the first day
of January, eighteen hundred and ninety-six, by the Appellate Divi-
sion of the Supreme Court in the First Department." These provisions,
with the exception of section 28, were continued by the charter of

1897 (chapter 378, p. 1, of the Laws of 1897) and by the charter of 1901 (chapter 466, p. 1, of the Laws of 1901). Section 1416 of the charter of 1901 contained substantially the same provisions as the act of 1895 in relation to the qualifications of justices of the Court of Special Sessions, and prohibited them from practicing as attorneys and counselors at law, or from holding any other public office, or carrying on any other business. The act of 1895 was not repealed and is still in force, and under its provisions this court has power to remove the justices of the Court of Special Sessions "for cause"; this following the provisions of section 17 of article 6 of the Constitution, that "justices of the peace and judges or justices of inferior courts not of record, and their clerks, may be removed for cause, after due notice and an opportunity of being heard, by such courts as are or may be prescribed by law."

We think that these charges present a situation which requires that this court should take cognizance of them and that the defendant should be required to answer. The respondent raises a point as to the constitutionality of the provision that a justice of the Court of Special Sessions shall not carry on any business; but we think it clear that the Legislature that created the court and provided for the appointment of the justices thereof had authority to provide for the qualifications of the justices to be appointed and to regulate their proceeding while in office. There was nothing that required any particular individual to become a justice of the Court of Special Sessions, and nothing that invaded any of the constitutional rights of any individual; but any one who accepted an appointment as a justice of the Court of Special Sessions was bound to comply with the provisions of the statute while holding the office. This respondent can engage at any time in any business that he sees fit, by resigning his position as a justice of the Court of Special Sessions; but as long as he holds that position he must comply with the statute.

The other objections taken by the respondent to the petition should not be discussed at this time. After the answer of the respondent is filed, the question will then be presented as to subsequent proceedings which can be determined when it arises. The objection of the respondent to the petition is therefore overruled, and the respondent is required to answer within 10 days.