HEBBERD, Public Charities Com'r, v. LOEB.

(Supreme Court, Appellate Division, First Department. April 24, 1908.)

1. CRIMINAL LAW—APPEAL—RIGHT.
    The right of appeal in criminal cases is statutory, and does not exist unless expressly authorized.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, §§ 2563, 2615.]

2. SAME—DECISIONS REVIEWABLE—ORDER DENYING NEW TRIAL AFTER JUDGMENT.
    Greater New York Revised Charter, Laws 1901, p. 605, c. 466, § 1414, provides that, if any judgment or determination of the Court of Special Sessions shall be adverse to the defendant, he may appeal as from a judgment of conviction after indictment; and section 1409, subd. 3, confers on such court jurisdiction of bastardy proceedings. Code Cr. Proc. § 465, provides that the trial court may grant a new trial for newly discovered evidence; section 466 requires that the application be made before judgment, except as specified by section 465, subd. 7; and section 517 provides for a review of an order denying a motion for a new trial on appeal from the judgment of conviction. Held, that no appeal could be taken from an order denying a motion for a new trial for newly discovered evidence after a judgment in bastardy proceedings had been once affirmed on appeal to the Appellate Division.

Appeal from Court of Special Sessions, New York County.

Action by Robert W. Hebberd, as commissioner of public charities, on complaint of Helen Kopas, against Eugene Loeb. From an order of the Court of Special Sessions, denying defendant's motion for a new trial for newly discovered evidence, after affirmance of an order of filiation by the Appellate Division, defendant appeals. Dismissed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

House, Crossman & Vorhaus (Charles Goldzier and Moses M. Crossman, of counsel), for appellant.

Francis K. Pendleton, Corp. Counsel (Theodore Connoly and Herman Stiefel, of counsel), for respondent.

CLARKE, J. On the 19th of July, 1907, after a trial by the Court of Special Sessions, that court adjudged that the defendant was the father of a male bastard child of which the complainant had been delivered on the 14th day of May, 1907, and made an order of filiation thereon. On appeal to this court said judgment was affirmed. 122 App. Div. 921, 107 N. Y. Supp. 1129. Thereafter the defendant served notice of motion in the Court of Special Sessions for a new trial upon the ground of newly discovered evidence. The motion was denied, and from the order entered thereon this appeal is taken.

By subdivision 3 of section 1409 of the Revised Charter (chapter 466, p. 603, of the Laws of 1901) the Court of Special Sessions of the city of New York is given exclusive jurisdiction in the first in-

stance of all proceedings respecting bastards within the city of New York, and said section provides that the jurisdiction conferred by sections 838 to 860, inclusive, of the Code of Criminal Procedure, shall be exclusively exercised within said city by said court, and an appeal is allowed from an order of filiation. Section 1414 of the Revised Charter provides that:

"If any judgment or determination made by the said Court of Special Sessions shall be adverse to the defendant, he may appeal therefrom in the same manner as from a judgment in an action prosecuted by indictment. * * * In case of any such appeal to the Supreme Court * * * the procedure in, and the jurisdiction of, the said courts respectively, shall be the same as from a judgment of conviction after indictment."

Appeals in bastardy proceedings are governed by the provisions of this section. Keller v. Cleary, 56 App. Div. 466, 67 N. Y. Supp. 862; Id., 62 App. Div. 609, 70 N. Y. Supp. 899.

Section 1410 of the Revised Charter provides that:

"On and after the first day of February, 1898, all sections of the Code of Criminal Procedure consistent with this act regulating and controlling the practice and procedure of the Court of General Sessions of the Peace in the City and County of New York shall apply as far as may be, to the practice and procedure in the said Courts of Special Sessions, and shall regulate and control the practice and procedure of said courts in so far as their jurisdiction and organization will permit. * * *"

Section 465 of the Code of Criminal Procedure provides that:

"The court in which a trial has been had upon an issue of fact has power to grant a new trial, when a verdict has been rendered against the defendant, by which his substantial rights have been prejudiced. Upon his application, * * * (7) where it is made to appear, by affidavit, that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict, if such evidence has been discovered since the trial, is not cumulative, and the failure to produce it on the trial was not owing to want of diligence."

Section 466 thereof provides that:

"The application for a new trial must be made before judgment, except an application made under subdivision 7 of section 465, which may be made at any time within one year. * * *"

Section 517 of the Code of Criminal Procedure provides that:

"An appeal to the Supreme Court may be taken by the defendant from the judgment on a conviction after indictment, except that when the judgment is of death the appeal must be taken direct to the Court of Appeals, and, upon the appeal any actual decision of the court in an intermediate order or proceeding forming a part of the judgment roll, as prescribed by section 485, may be reviewed."

In People v. Trezza, 128 N. Y. 529, 28 N. E. 533, Trezza had been tried, convicted, and sentenced for the crime of murder in the first degree. He had appealed from the judgment to the Court of Appeals, where the judgment was affirmed. Motion for a new trial was made after judgment of affirmance had been rendered. The court said:

"The right of appeal in criminal cases is statutory only, and in the absence of a statute authorizing an appeal in a given case no appeal can be taken. The court in which the trial of an indictment is had has power to entertain a motion for a new trial on the ground of newly discovered evidence, * * * and may grant or refuse it. * * * Section 517 [of the

Code of Criminal Procedure] was amended by chapter 493, p. 625, of the Laws of 1887, by providing that when the judgment is of death the appeal must be taken direct to the Court of Appeals, and that court was authorized to review any intermediate order or proceeding forming part of the judgment roll, as the Supreme Court was authorized to do by the original section. It will be observed that the section only authorizes a review of intermediate orders and proceedings in connection with an appeal from the judgment, and when they are embodied in the judgment roll. There is no statute provision authorizing an appeal from an order denying a new trial, except as incident to an appeal from the judgment. It is said that the Legislature could not have intended to permit an appeal from such an order in that case, and to deny it where the application for a new trial is made after final judgment of affirmance, and denied, when it would be too late to make the proceedings a part of the judgment roll. The Legislature seemed to assume that such proceedings would in all cases be taken before an appeal from the judgment. It may be that the failure to provide for an appeal in such a case as this was casus omissus. But the courts must be guided by the law as it is, and cannot give an appeal where none is given by the statute, and there is no statute authorizing an appeal from an order denying a new trial made after the roll is made up and the final affirmance of the judgment."

In People v. Mayhew, 151 N. Y. 607, 45 N. E. 1123, the defendant had been convicted of murder in the first degree and sentenced to death, and upon appeal to the Court of Appeals the judgment of conviction had been affirmed. Subsequently a motion was made for a new trial upon newly discovered evidence, and, the application having been denied, an appeal was taken from the order entered thereon. The court again examined the provisions of the law governing appeals, and in dismissing the appeal said:

"This court fully considered the point in People v. Trezza, 128 N. Y. 529, 28 N. E. 533, Judge Andrews said: 'There is no statute provision authorizing an appeal from an order denying a new trial, except as incident to an appeal from the judgment.' * * * Section 528 is next urged upon our attention, which provides: 'When the judgment is of death, the Court of Appeals may order a new trial, if it be satisfied that the verdict was against the weight of evidence or against law, or that justice requires a new trial,' etc. The argument of the defendant's counsel is that, while this statute applies primarily to the hearing of the appeal from the judgment, yet it is susceptible of such a construction as to cover the present appeal. We are unable to adopt this view, as the express language of the section makes it clear that it defines the powers of this court on appeal from the judgment of conviction. We find no change in the Code of Criminal Procedure, since the decision of this court in People v. Trezza, that authorizes this appeal, and it is clearly without statutory authority."

In People v. Priori, 163 N. Y. 99, 57 N. E. 85, the court said:

"A motion for a new trial upon newly discovered evidence may now be made in a capital case at any time before execution, although formerly it was restricted to any time before judgment. * * * Unless it is made and decided in time to include the proceeding in the case, the order denying the motion cannot be reviewed. The right is lost, the same as many other rights and legal proceedings are lost, by delay."

And it cited again with approval People v. Trezza and People v. Mayhew, supra.

In People v. Markham, 114 App. Div. 387, 99 N. Y. Supp. 1092, this court, in considering this section 1414 of the Greater New York charter, said:

"This section clearly shows that it was the intention of the Legislature to give the same right of appeal, and no broader right, from the Special Ses-

sions that is provided for in actions at General Sessions. * * * The right to appeal being, therefore, a mere statutory one, and no appeal having been provided for in cases similar to the one at bar, it follows that the motion to dismiss the appeal must be granted."

My conclusion, therefore, is that a denial of a motion for a new trial in the Court of Special Sessions upon the ground of newly discovered evidence is appealable as an intermediate order, and the papers and proceedings thereon must be attached to the judgment roll, and may be considered upon the appeal from the judgment; but if a motion is made for a new trial upon newly discovered evidence after the affirmance of the judgment, and denied, no appeal will lie therefrom. This has been distinctly and repeatedly decided by the Court of Appeals in cases involving the life of the defendant, where every inducement would lead the court to a liberal construction of the statutes and to an entertainment of the appeal if possible.

As the practice upon appeal from the Court of Special Sessions is assimilated to that in actions prosecuted by indictment, it follows that the determination of the Court of Special Sessions, denying the motion for a new trial made after the affirmance of the original judgment of conviction, is not appealable to this court, and this appeal must be dismissed. All concur.