(19 Misc. Rep. 458.)

**PEOPLE v. SCHMIDT et al.**

(Oneida County Court. February, 1897.)

1. INTOXICATING LIQUORS—UNLAWFUL SALES—INDICTMENT.

An objection that an indictment for illegal sales charges separate acts by defendants, and therefore improperly joins two offenses, is not available on demurrer, where the indictment alleges that the sales were made by defendants jointly, since the demurrer admits that allegation.

2. SAME—ALLEGING SALES TO SEVERAL PERSONS.

A joint sale, and not separate sales, to several persons is charged by the indictment alleging that defendants sold and delivered liquors to "Y., C., and divers other persons, whose names are to the grand jury unknown."

Alexander Schmidt and Eva Schmidt were indicted for making unlawful sales of intoxicating liquors. Defendants demur to the indictment. Overruled.

The above-named defendants are indicted for violating the liquor tax law. The indictment charges that on the 29th day of July, 1896, at the city of Utica, N. Y., the said Alexander Schmidt and Eva Schmidt willfully and maliciously, wrongfully and unlawfully did sell and cause to be sold distilled, rectified, spirituous, fermented, and malt liquors, ale, beer, and wine, in quantities less than five gallons at a time, by retail, and to be drank on the premises, to William Yates, Hannah Calahan, and to divers other persons, whose names are to the grand jury unknown, and then and there did deliver and cause to be delivered in pursuance of such sale to the said William Yates, Hannah Calahan, and to said other divers persons, etc., said liquors, wines, ale, and beer, to wit, one gill of wine, one gill of brandy, one gill of rum, one gill of gin, one gill of whisky, one gill of cordial, one gill of bitters, one gill of ale, one gill of porter, one gill of beer, one gill of lager beer, and one gill of a certain strong spirituous and fermented liquor to the grand jury aforesaid unknown, without having paid excise taxes upon the business of trafficking in liquors, and without having a liquor tax certificate therefor, and not being authorized thereto by law. The defendants demurred to said indictment upon the ground that the indictment charges one crime against defendant Alexander Schmidt and a separate and distinct crime against Eva Schmidt, and that the crimes, being distinct and separate, cannot be united in one indictment. Also upon the further ground that more than one crime is charged in the indictment.

George S. Klock, Dist. Atty., for the People.
James Coupe, for defendants.

DUNMORE, J. Section 33 of the liquor tax law provides that any clerk, agent, employé, or servant shall be equally liable as principals for any violation of the provisions of that act. Defendants

·contend that one of these defendants was acting as clerk or agent for the other, or else defendants must have been co-partners, and that any sale made by one was a distinct and separate crime by that one, and that the person so offending must be proceeded ·against separately. That, doubtless, would be true providing defendants' premises were correct; but this indictment alleges that ·defendants jointly committed the offense. In disposing of the demurrer we must assume that allegation to be true. If defendants jointly committed the offense, as alleged, they are properly joined in the indictment.

The remaining ground of demurrer is, as defendants contend, that the indictment alleges more than one sale and delivery, to wit, ·one to William Yates, one to Hannah Calahan, and one or more to the other persons who are unknown. If the indictment alleged separate sales to the persons named, the defendants' objection would be good; but the fact is that the indictment charges a joint sale to the persons named and the persons unknown. That this objection is not good as to an indictment in the form of the one at bar has been settled in this state for many years. In People v. Adams, 17 Wend. 475, the indictment charged that the defendant, ·on June 1, 1836, and on divers other days and times, sold by retail to divers citizens of this state, and to divers persons to the jurors unknown, etc. It was held that only one sale was alleged, and that, consequently, the objection that more than one crime was alleged was not well taken. Chief Justice Nelson, in his opinion, ·says:

"Upon our view of the time when the offense is laid in the indictment,—that is, upon the day given,—but one sale by retail is to be deemed charged in the ·count; the three gills of brandy, three gills of rum, etc., are to be viewed as having been sold at one and the same time, and as constituting but one trans-·action. It is a description of various sorts of liquors, with a view to avoid ·the difficulty of a possible misdescription of the article sold."

That case was followed, and the same rule reasserted, in Osgood v. People, 39 N. Y. 449. The demurrer is overruled.

Ordered accordingly.