## Court of Appeals.

May 2, 1905.

# THE PEOPLE v. JOSEPH CANEPI.

(181 N. Y. 398.)

1. CRIMES—ASSUMPTION THAT ORDER OVERRULING DEMURRER TO INDICT-MENT WAS ENTERED IN THE MINUTES—CODE CR. PRO. § 326.

Although the minutes upon the trial of an indictment for a felony do not contain an order overruling a demurrer thereto, as required by section 326 of the Code of Criminal Procedure, and do not show a compliance in other respects with the statute, yet where all of its requirements appear in the judgment roll it will be assumed that they were taken from the minutes as kept by the clerk and, therefore, that the statute was complied with as to the entering of the order made upon the hearing of the demurrer.

2. APPEAL—ALL INTERMEDIATE ORDERS REVIEWABLE IN CRIMINAL CASES.

Upon an appeal from the judgment of conviction all of the rulings of the court upon intermediate orders or proceedings forming a part of the judgment roll are reviewable by the Appellate Division, includ-ing the order in question, and the determinations of the latter court are reviewable by the Court of Appeals.

3. APPEAL—WHEN DETERMINATION OF APPELLATE DIVISION AFFIRMING JUDGMENT OF CONVICTION MAY BE REVIEWED BY COURT OF APPEALS, ALTHOUGH NOTICE OF APPEAL ERRONEOUSLY DESIGNATES THE JUDGMENT AS AN ORDER—WHAT IS BROUGHT UP FOR REVIEW.

Where the judgment of conviction in such case was affirmed by the Appellate Division by a paper which, although named an order, is in form a judgment unanimously affirming the judgment of conviction, and the notice of appeal therefrom to the Court of Appeals refers to it as an order, but the judgment is sufficiently identified from the date and reference made thereto in the notice of appeal, such defect may be treated as a clerical error not affecting its validity as an appeal from the judgment, and, therefore, the question whether the demurrer to the indictment was improperly overruled is brought up for review in the Court of Appeals.

People v. Canepi, 93 App. Div. 379, s. c. 18 N. Y. Crim. 343, reversed.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 15, 1904, which affirmed a judgment of the Westchester

County Court, rendered upon a verdict convicting the defendant of the crime of poolselling.

The facts, so far as material, are stated in the opinion.

David H. Hunt for appellant.

The demurrer to the indictment interposed by the defendant should have been sustained upon the ground that the indictment does not state the act or acts constituting the crime and because it fails to name the person to whom it is alleged the pools were sold, or that the names of such person or persons were to the grand jury unknown. (People v. Corbalis, 178 N. Y. 516.)

J. Addison Young, district attorney, for respondent.

The appeal should be dismissed as unauthorized because the defendant has appealed from the order of the Appellate Division instead of the judgment entered upon said order, no such appeal being provided for by the Code of Criminal Procedure. (Code Crim. Pro. § 519; People v. Hill, 73 Hun, 473; Eighmy v. People, 78 N. Y. 330.) The question as to the sufficiency of the indictment in the case at bar was not before the Appellate Division and is not before the Court of Appeals on this appeal. (Code Crim. Pro. § 517; People v. Trezza, 128 N. Y. 529; People v. Priori, 163 id. 99; People v. Wiechers, 179 id. 464; People v. Ledwon, 153 id. 10; People v. Grossman, 168 id. 47.)

HAIGHT, J.: The indictment charged the defendant with the commission of a felony in selling pools contrary to the provisions of section 351 of the Penal Code. The defendant upon being arraigned filed a demurrer thereto upon various grounds, among which it was alleged that the indictment did not contain a plain and concise statement of the acts constituting the crime. Upon the trial of the issue so formed the demurrer was overruled,

and thereupon the defendant entered a plea of not guilty and the trial upon the indictment took place, resulting in the judgment which it is sought to have reviewed in this court. It is now conceded by the learned district attorney that the indictment in this case was substantially the same as that in the case of People v. Corbalis (178 N. Y. 516; 18 N. Y. Crim. 356), and that under the authority of that case the demurrer should have been sustained, but it is contended that no order or judgment was entered upon the demurrer; that it was not brought up for review in the Appellate Division and that it cannot now be reviewed by this court .

The Code of Criminal Procedure, section 326, provides that " the court must give judgment upon the demurrer either allowing or disallowing it, and an order to that effect must be entered upon the minutes." Our attention has been called to no provision of the Code requiring any other order to be drawn or entered. The record contains the following, immediately after the demurrer to the indictment: " The court, after hearing Mr. Hunt in support of said demurrer and J. Addison Young, Esq., district attorney, in opposition, overruled the said demurrer." Then follows the plea of not guilty, and under that the word " minutes," the statement that the clerk then proceeded to draw a jury for the trial of the case, giving their names, etc., and after the hearing of the evidence and the summing up of counsel and the charge of the court the jury found a verdict of guilty as charged. It must be admitted that the minutes of the court, which the clerk is required to keep, if they are limited to that which succeeds or follows the word " minutes " in the record, are inaccurate and do not show a compliance with the statute. They do not show the case in which the minutes were kept, not even the name of the person that was placed upon trial, his plea or the sentence that was

imposed upon his conviction; but all of these requirements appear in the judgment roll before us, and, consequently, we think we may assume that the ruling upon the demurrer, the plea of not guilty following the same, and the sentence imposed by the court were all taken from the minutes of the court as kept by the clerk. If so, then the provisions of section 326, to the effect that the order made upon the hearing of the demurrer must be entered in the minutes, have been complied with.

Section 485 provides that when judgment upon a conviction is rendered the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction was had. It then states that the judgment roll shall contain, among other things, the plea of demurrer. Section 517 provides that " an appeal to the Supreme Court may be taken by the defendant from the judgment on a conviction after indictment . . . and upon the appeal any actual decision of the court in an intermediate order or proceeding forming a part of the judgment as prescribed by section 485 may be reviewed." It thus appears that on an appeal from a judgment of all the rulings of the court upon intermediate orders or proceedings forming a part of the judgment roll are brought up for review in the Appellate Division. It follows that, inasmuch as the ruling made upon the demurrer is required to be entered in the minutes, and that the proceedings become a part of the judgment roll, such determination was properly before the Appellate Division for review.* In this connection it may be observed that the practice in reviewing intermediate orders in criminal cases differs from that provided in civil cases, in the particular that in such cases the Code of Civil Procedure expressly requires notice to be given in the notice of appeal from a judg-

---

* For a later ruling to the effect that an order denying a motion to dismiss an indictment becomes a part of the judgment roll. See People ex rel. Hummel v. Trial Term, 184 N. Y. 30; but read O'BRIEN, J.'s, strong dissent.

ment of the intermediate order or orders that are sought to be reviewed. Under the provisions of section 518 an appeal may be taken by the People from a judgment for the defendant on a demurrer to the indictment, but no provision is there found giving the defendant the right to appeal from the determination of a demurrer against him, and, manifestly, for the reason that his right to review such determination is provided for by the review from the judgment of conviction contained in the preceding section. Under the provisions of the next section an appeal may be taken to the Court of Appeals from a judgment or order of the Appellate Division affirming or reversing a judgment of conviction, upon which appeal the actual determinations of the Appellate Division are brought up for review, and the Court of Appeals may reverse, affirm or modify the judgment as may be necessary or proper.

Upon the conclusion of the trial the jury returned a verdict of guilty. Thereupon the defendant moved for a new trial upon the evidence. This motion was denied and then the defendant was sentenced to pay a fine of $1,250 or to stand committed to the Kings County Penitentiary for a term not exceeding one year. This sentence as entered in the minutes of the court became the judgment of conviction from which the appeal to the Appellate Division was taken. It will be observed that the judgment is defective in that it does not show that the clerk asked the defendant as to whether he had any legal cause to show why judgment should not be pronounced against him as required by section 480 of the Code and that it does not contain a brief statement of the offense for which the conviction was had, as required by section 485. The judgment, however, was affirmed by the Appellate Division, upon which a paper, which is named an order, was entered, but which is in form a judgment, unanimously affirming the judgment of conviction, bearing date the 15th day of April,

1904. From this order, so called, the defendant appeals to the Court of Appeals, referring to it as the order, instead of a judgment, bearing date of April 15, 1904. Under the provisions of the Code to which we have called attention the appeal to this court should have been from the judgment of affirmance, but we think the order referred to was in fact a judgment and that it is sufficiently identified from the date and reference made thereto in the notice of appeal and that the defect appearing in such notice may be treated as a clerical error and not affecting its validity as an appeal from the judgment. If so, the question raised by the appellant to the effect that the demurrer to the indictment was improperly overruled, is brought up for review in this court and it follows that the judgment should, for that reason, be reversed upon the authority of People v. Corbalis (*supra*).

CULLEN, Ch. J., GRAY, O'BRIEN, BARTLETT, VANN and WERNER, JJ., concur.

Judgment of conviction reversed and the demurrer to the indictment sustained.