THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. MARGARET
CARROLL, Defendant.

In the Matter of the Application for the Appointment of a Referee
to Take the Deposition of One GERTIE BENNETT.

*Appeal in criminal cases — it does not lie from an order denying a motion that a
deposition be taken for use on a motion to vacate an indictment — how far the
right is statutory.*

The right of appeal in criminal cases is statutory only.

Section 517 of the Code of Criminal Procedure, governing the right of a defend-
ant in a criminal case to appeal to the Appellate Division, does not authorize
such an appeal from an order denying the defendant's motion for permission
to examine a witness in order to procure her deposition for use upon a motion
to vacate the indictment, and such an appeal will, therefore, be dismissed.

*Semble,* that there may be cases, involving a wrongful assumption or denial of
jurisdiction, in which public policy will lead an appellate court to entertain an
appeal not authorized by statute.

MOTION by the plaintiff, The People of the State of New York,
to dismiss the defendant's appeal from an order of the Supreme
Court, made at Special Term and entered in the office of the clerk
of the county of Albany on the 8th day of May, 1905, denying the
defendant's motion for the appointment of a referee to take the
deposition of one Gertie Bennett to be used upon a motion to set
aside an indictment against the said defendant.

*George Addington, District Attorney,* and *Robert H. McCormic,
Assistant District Attorney,* for the motion.

*Mark Cohn* and *Peter A. Delaney,* opposed.

PER CURIAM:

The defendant has been charged by indictment with the felonious
abduction of one Lottie Peters, an infant under the age of eighteen
years, to wit, of the age of sixteen years. Upon motion the court
directed the district attorney to deliver to the defendant's attorney
the evidence taken before the grand jury upon which the indictment
was found. This the district attorney was unable to do because the
evidence was not preserved. Upon the indictment appear the names
of the witnesses, Lottie Peters and Gertie Bennett. The defendant

has made a motion to dismiss the indictment as secured upon insufficient evidence. In support of that motion he desires the affidavit of Gertie Bennett to the effect that she did not corroborate the evidence of Lottie Peters as to her age and gave no testimony thereupon before the grand jury. The witness has refused to make affidavit, and application was made to the Special Term to examine the witness for the sake of procuring her deposition to be used upon the said motion. This application was by the Special Term denied on the ground of want of power to grant the same, and from that denial an appeal was taken to this court. This motion is made by the district attorney to dismiss the appeal as unauthorized.

The motion should be granted. In *People* v. *Bissert* (71 App. Div. 118) it is held that the Code of Criminal Procedure prescribed the procedure which must be followed in all criminal cases. In *People* v. *Trezza* (128 N. Y. 529) it is held that the right of appeal in criminal cases is statutory only, and in the absence of a statute authorizing it in a given case no appeal can be taken. This rule is reiterated in *People* v. *Mayhew* (151 N. Y. 610, 611). (See, also, *People* v. *Rutherford*, 47 App. Div. 209.) It is not claimed that there is any statutory provision authorizing the appeal. The right of the defendant to appeal to the Appellate Division is found in section 517 of the Code of Criminal Procedure. This section grants no authority to take the appeal which has been here attempted.

It is urged by the defendant's counsel that the appellate courts have assumed the right of review in cases not within the provisions of section 517 of the Code of Criminal Procedure. There may be cases where jurisdiction has been wrongfully assumed or denied where public policy will lead an appellate court to entertain an appeal to which no right is given to a party under the statute, to the end that a bad precedent may not be established.. (See *People ex rel. Robinson* v. *Ferris*, 36 N. Y. 219.) There can be no public interest which requires us to consider this appeal.

The motion should, therefore, be granted.

All concurred.

Motion granted.