(113 App. Div. 369)

### PEOPLE v. DUNDON et al.

(Supreme Court, Appellate Division, Third Department. May 18, 1906.)

1. DEPOSITIONS—CRIMINAL PROSECUTION—USE BEFORE GRAND JURY.

   Under Code Cr. Proc. § 8, subd. 3, and section 255, authorizing the reading of a deposition before a grand jury on its being satisfactorily shown to the court that the witness cannot with due diligence be found in the state, proof of this fact before the grand jury, and not before the justice, is sufficient to authorize the reading of the deposition before the grand jury.

2. CRIMINAL LAW—APPEAL BY PEOPLE—DISMISSAL OF INDICTMENT.

   Under Code Cr. Proc. § 518, providing that an appeal to the Appellate Division of the Supreme Court may be taken by the people only on a judgment sustaining a demurrer to the indictment, and on an order of the court arresting the judgment, the Appellate Division has no jurisdiction of an appeal by the people from an order dismissing the indictment, though the defendants waived the question as to the right of the people to appeal.

Appeal from Trial Term, Broome County.

Indictment against James Dundon and others. From an order dismissing the indictment, the people appeal. Appeal dismissed.

Argued before SMITH, CHESTER, KELLOGG, and COCH-RANE, JJ.

Roger P. Clark, Dist. Atty., for the People.

Frank S. O'Neil, for respondents.

COCHRANE, J. The defendants were indicted for the crime of grand larceny in the second degree. In the investigation of the charge resulting in sucn indictment the grand jury received the depositions of two witnesses who were at the time absent from the state. These depositions had been properly taken as required by subdivision 3 of section 8 of the Code of Criminal Procedure. And upon satisfactory proof to·the court as required by said last-mentioned provision that the witnesses could not with due diligence be found in the state their depositions became proper evidence before the grand jury. Code Cr. Proc. § 255. Sufficient proof of the absence from che state of such witnesses was made before the grand jury. The trial court however dismissed the indictment because such proof should have been made to the justice holding the term rather than to the grand jury.

"An appeal to the Appellate Division of the Supreme Court may be taken by the people in the following cases and no other: (1) Upon a judgment for the defendant on a demurrer to the indictment; (2) upon an order of the court arresting the judgment." Code Cr. Proc. § 518. The right of appeal in criminal cases is statutory only. The People v. Carroll, 105 App. Div. 147, 93 N. Y. Supp. 926. It follows that the order in question is not appealable. It is stipulated tnat the respondents waive any question as to the right of the people to appeal from this order. But consent cannot give jurisdiction to an Appellate Court. McMahon v. Rauhr, 47 N. Y. 67, 72; Wilmore v. Flack, 96 N. Y. 519.

We think the order· in question is erroneous, but for the reasons above stated, we are not at liberty to entertain the appeal therefrom.

Appeal dismissed. All concur.