## COUNTY COURT—ONEIDA COUNTY.
### November, 1909.

## THE PEOPLE v. DEWITT LOOMIS.

(65 Misc. 156.)

(1). INFORMATION—OBJECTION TO AS NOT SPECIFIC MUST BE RAISED BEFORE MAGISTRATE.

An objection by the defendant in a criminal action in a Court of Special Sessions, that the information is not sufficiently specific, should be raised before the magistrate; and, if not so raised, it will not be considered upon appeal.

(2). TRIAL—PLEA OF GUILTY—WHEN MAGISTRATE NEED NOT INFORM PRISONER AS TO HIS RIGHT TO CERTIFICATE OF REMOVAL UNDER CODE CRIM. PRO., SECS. 57 AND 58.

Where defendant pleads guilty of the crime charged, it is not a ground for reversing the conviction that the magistrate neglected to inform him of his right to apply for a certificate of removal under sections 57 and 58 of the Code of Criminal Procedure, since there was no need of any trial.

APPEAL from a judgment of conviction in a Court of Special Sessions.

*Frank N. Decker,* for appellant.

*Bradley Fuller, Assistant District Attorney,* for People.

PRITCHARD, J.:

Appeal from a judgment of conviction in Court of Special Sessions before Thomas P. Bryant, police justice for area or territory of Sylvan Beach, Oneida county.

Information was laid before said justice February 27, 1909, by George W. Shaw, charging defendant with petit larceny in stealing chickens from informant, on or about November 24, 1908, at Sylvan Beach. Warrant was issued the same day. On

March 1, 1909, defendant was arraigned and the charge against him stated in open court, and defendant was informed of his right to counsel and to a trial by jury. These rights were waived by defendant, and he pleaded guilty, and, on March 2, 1909, was sentenced to the county jail at Rome for six months.

As grounds for reversal it is urged that:

First. The information is not specific enough as to the place from which the property was taken.

Second. That defendant was not informed of his right to apply for certificate of removal under sections 57 and 58 of the Code of Criminal Procedure.

Third. That sentence was excessive.

In *People ex rel. Dinsmore v. Keeper, Erie County Penitentiary,* 125 App. Div. 137, the court says: " Assuming that the objections made on behalf of the relator to the proceedings had before the justice of the peace are reviewable upon proceedings of this character (*habeas corpus*), we think the proceedings were in substantial compliance with the provisions of the Code of Criminal Procedure. But even if there was lacking that precision in stating the charge which the statute requires, as contended on behalf of the relator, he not having raised the question before the magistrate waived the defect." There was a plea of guilty in that case.

As to the second ground of error, it was held in *People v. McGann,* 43 Hun, 55, that by demanding another mode of trial defendant waived all consideration of other modes of trial than that demanded.

I am aware that it has been held in *People v. Barry,* 16 App. Div. 462, and in *People v. Freileweh,* 11 id. 409, that the defendant did not waive the right to be informed under sections 57 and 58, Code of Criminal Procedure.

Those sections provided a mode of trial in case of a plea of not guilty, which the defendant has the right to know; but, in a case of a plea of guilty, there is no need of any mode of trial,

and the information there mentioned would be of no use or avail to a defendant who did not desire a trial of any kind. For that reason, I do not think that it can, on appeal, be urged as a ground for reversal

I think the sentence should be modified.   The defendant is a boy of sixteen, and his confinement in jail for six months will serve no good purpose; and, under the power vested in this court under section 764, Code of Criminal Procedure, I hereby modify the sentence by making it two months instead of six months, and, as so modified, the judgment is affirmed.

Judgment modified, and, as modified, affirmed.