(152 App. Div. 579.)

PEOPLE v. HERBERT.

(Supreme Court, Appellate Division, Third Department. September 27, 1912.)

1. INDICTMENT AND INFORMATION (§ 140*)—DEFECTIVE INFORMATION—VACATION—JUDICIAL DISCRETION.

It is discretionary with a trial court whether it will set aside a defective information on motion before arraignment, and unless the question is free from doubt the court should leave counsel to his demurrer or motion in arrest of judgment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 474, 475; Dec. Dig. § 140.*]

2. CRIMINAL LAW (§ 1024*)—APPEALABLE ORDER—MOTION DISMISSING INFORMATION.

An order dismissing an indictment or information as being insufficient is not appealable, since it is not one of the orders from which Code Cr. Proc. § 518, permits the people to appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2599–2614; Dec. Dig. § 1024.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Recorder's Court of Albany.

Cyr Herbert was charged with keeping a disorderly house, and the People appeal from an order dismissing the information. Appeal dismissed.

Argued before KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Rollin B. Sanford, of Albany, for the People.
Daniel J. Dugan, of Albany, for respondent.

PER CURIAM. The respondent was arrested upon an information which sought to charge him with keeping and maintaining a disorderly house, in violation of section 1146 of the Penal Law (Consol. Laws 1909, c. 40). Upon his arraignment in the Court of Special Sessions of the city of Albany, held by the recorder of said city, he appeared specially and moved to dismiss the information upon the ground of insufficiency, which motion was granted, and its propriety was thereafter attempted to be raised by this appeal.

[1] As to the merits of the appeal thus taken, we may say, in brief, that as the recorder has handed down no opinion we are at a loss to know in what respect he considered the information in question defective. Nor are we aided in this matter by the points of respondent's counsel, although it is therein stated that the recorder followed the case of People v. Miller, 81 App. Div. 255, 80 N. Y. Supp. 1070, which, however, seems clearly distinguishable from the case at bar. But, even if this information was in fact insufficient, and might be so held upon demurrer, we think its insufficiency was not so apparent and free from doubt as to require the recorder to dismiss it upon motion. The rule is thus laid down by the Court of Appeals in People v. Davis, 56 N. Y. 95, at page 100:

"It is in the discretion of the court whether or not to set aside a defective indictment upon motion; and unless the question is free from doubt, the court ought not to do it, but leave the counsel to his demurrer, or motion in arrest of judgment."

See, also, Abbott's Trial Brief in Criminal Cases, pp. 65, 66, and cases cited.

[2] But, whatever may be our views as to the sufficiency of this information, we find no provision for an appeal from the determination of the recorder upon this point. By section 23, c. 284, Laws of 1872, appeal in the Recorder's Court is made similar to appeals in a Court of Sessions, and the powers of the former Courts of Sessions are now vested by the Constitution in the County Courts. The Code of Criminal Procedure, by section 515, has abolished writs of error and of certiorari in criminal actions, and by section 518 has provided that the people may appeal in two cases only, neither of which is an appeal from an order dismissing an indictment or information. We accordingly think that the granting of the motion to dismiss was not reviewable upon appeal. See, also, People v. Petrea, 1 N. Y. Cr. R. 198, at page 203, and Abbott's Trial Brief, cited supra.

Appeal dismissed, without costs. Motion granted.