PEOPLE v. KAHN.

(Supreme Court, Appellate Division, Third Department. March 5, 1913.)

1. CRIMINAL LAW (§ 1005*)—RIGHT OF APPEAL.

The right of appeal in criminal cases is statutory only, and, in the absence of a statute authorizing it in a given case, no appeal can be taken.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2563; Dec. Dig. § 1005.*]

2. CRIMINAL LAW (§ 1023*)—APPEALABLE ORDERS—DENIAL OF MOTION TO DISMISS A COUNT—"INTERMEDIATE ORDER."

Under Code Cr. Proc. § 517, providing that a defendant may appeal to the Supreme Court only from a judgment of conviction after indictment, and that any actual decision in an intermediate order forming part of the judgment roll may be reviewed on appeal from a judgment of conviction, an order denying defendant's motion to dismiss a count for want of facts sufficient to constitute a crime is an "intermediate order" not directly appealable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598; Dec. Dig. § 1023.*

For other definitions, see Words and Phrases, vol. 4, pp. 3716, 3717.]

3. CRIMINAL LAW (§ 1024*)—APPEAL BY STATE—STATUTORY PROVISIONS.

Under the express provision of Code Cr. Proc. § 518, the state can appeal from a judgment for the defendant entered upon a demurrer to the indictment, and also from an order arresting a judgment of conviction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2599–2614; Dec. Dig. § 1024.*]

4. INDICTMENT AND INFORMATION (§ 147*)—DEMURRER—GROUNDS.

Under the express provision of Code Cr. Proc. § 323, the objection that the facts stated in an indictment do not constitute a crime is a ground of demurrer.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 490–494; Dec. Dig. § 147.*]

5. INDICTMENT AND INFORMATION (§ 137*)—MOTION TO SET ASIDE—STATUTORY PROVISIONS.

It is only where a substantial right is affected which cannot be otherwise raised that courts will enlarge the grounds for the setting aside of an indictment, and hold that Code Cr. Proc. § 313, prescribing when an indictment may be set aside on motion, is not restrictive as to such grounds.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 480–487; Dec. Dig. § 137.*]

6. INDICTMENT AND INFORMATION (§ 149*)—TIME FOR FILING DEMURRER—PLEA OF NOT GUILTY.

While a plea of not guilty stands, a defendant cannot demur.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 496; Dec. Dig. § 149.*]

7. CRIMINAL LAW (§ 1023*)—ORDERS APPEALABLE—DEMURRER TO INDICTMENT.

A defendant cannot appeal from the judgment entered upon his demurrer to an indictment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2583–2598; Dec. Dig. § 1023.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Fulton County Court.

Edward U. Kahn was charged with grand larceny, and from an order denying his motion to set aside the first count of the indictment, he appeals. Dismissed.

Argued before SMITH, P. J., and KELLOGG, LYON, and HOWARD, JJ.

Abraham A. Silberberg, of New York City, for appellant.

William S. Cassedy, Dist. Atty., of Cloversville, for the People.

PER CURIAM. The defendant was indicted by the grand jury of the county of Fulton for the crime of grand larceny in the first degree. The first count of the indictment charges the defendant with having committed such crime by means of a false written statement respecting the ability of Edward U. Kahn, Incorporated, to pay for goods sought to be purchased from the Cloversville Silk Mills, a corporation. The representations are set out in full, and the statement which is charged to have been false is signed "Edward U. Kahn, Pres." The second count charges the defendant with feloniously taking the same goods through said alleged false pretenses. On arraignment the defendant pleaded not guilty, and at the same time moved orally for a dismissal of the first count of the indictment, on the ground that it did not state facts sufficient to constitute a crime, and that it was insufficient in law upon its face, in that the pretenses set forth were not such pretenses in writing, as required by law to support a criminal prosecution. Subsequently an order was entered setting forth the making of such motion and its denial, and from that order the defendant appeals.

The people urge that the defendant has no right to a direct appeal from such an order, and that it is an intermediate one, which can be reviewed only on an appeal from a judgment of conviction. The defendant insists that he had the right to make the motion to set aside the count of the indictment because upon its face it failed to state sufficient facts constituting a crime, and that a denial of his motion affected a substantial right which he has the privilege of reviewing before he is put to the expense and jeopardy of a trial.

We think the learned district attorney is correct in his claim that the order cannot be appealed from directly, but can be reviewed only on an appeal from the judgment of conviction.

[1-3] The right of appeal in criminal cases is statutory only, and, in the absence of a statute authorizing it in a given case, no appeal can be taken. People v. Trezza, 128 N. Y. 529, 28 N. E. 533; People v. Priori, 163 N. Y. 99, 107, 57 N. E. 85. It is provided by section 517 of the Code of Criminal Procedure that a defendant can appeal to the Supreme Court only from a judgment of conviction after indictment. The people by section 518 are permitted to appeal to the Supreme Court from a judgment for the defendant entered upon a demurrer interposed by him to the indictment, and also from an order of the court arresting a judgment of conviction. This restricted right of appeal by the defendant has been consistently recognized by the courts and the plain reading of the section has been observed and reiterated from time to time; the latest to which our attention has been

called being in People ex rel. Stabile v. Warden, 202 N. Y. 138, 152, 95 N. E. 729. Recognizing this rule, it was held in People v. Markham, 114 App. Div. 387, 99 N. Y. Supp. 1092, that a defendant who had been convicted, but whose sentence had been suspended, had no right of appeal because no judgment had or could be entered before sentence was pronounced; and in People v. Carroll, 105 App. Div. 147, 93 N. Y. Supp. 926, that the defendant had no right of appeal from an order denying his motion for the appointment of a referee to take the deposition of a witness to be used on a motion to set aside an indictment; and in Matter of Montgomery, 126 App. Div. 72, 110 N. Y. Supp. 793, that the defendant had no right of appeal from an order denying his inspection of the minutes of the grand jury. In recognition, also, of the restricted right of appeal by the people, this court held in People v. Dundon, 113 App. Div. 369, 98 N. Y. Supp. 1048, that, although an order dismissing an indictment on motion of the defendant was erroneous, it could not entertain an appeal therefrom, it not coming within the provisions of section 518 or being a judgment for the defendant entered upon demurrer to an indictment; and in People v. Herbert, 152 App. Div. 579, 137 N. Y. Supp. 409, we dismissed the appeal of the people taken from an order made by a court of special sessions dismissing a criminal complaint, on the ground that there was no provision of law for such appeal. Section 517 of the Criminal Code, however, does provide that any actual decision of the court in an intermediate order or proceeding forming a part of the judgment roll may be reviewed on an appeal from a judgment of conviction.

The confusion with respect to the practice and the right of a defendant in a criminal action to have a review of intermediate orders made to his alleged prejudice arises from a misconception of the holdings of the Court of Appeals in People v. Glen, 173 N. Y. 395, 66 N. E. 112, People v. Canepi, 181 N. Y. 398, 74 N. E. 473, and People v. Sexton, 187 N. Y. 495, 80 N. E. 396, 116 Am. St. Rep. 621. In each of those cases there was an appeal by the defendant from a judgment of conviction, and all that was held was that certain intermediate orders and rulings, notwithstanding the apparent restriction of section 313 of the Code of Criminal Procedure, formed a part of the judgment roll, and were reviewable where a defendant had been convicted and appealed from the judgment entered thereon. In none of those cases was it held that a direct appeal could be had from such intermediate orders, but the only holding was that they were reviewable on an appeal from the judgment itself. Nor is there anything to the contrary in People ex rel. Hummell v. Trial Term, 184 N. Y. 30, 76 N. E. 732. In that case the relator had moved to dismiss an indictment against him on the ground that he had been compelled to testify against himself before the grand jury by which it was found. His motion had been denied, and he sought a writ of prohibition against proceeding further on the indictment. The writ was denied him on the ground that he had a remedy by appeal because the order denying his motion to set aside the indictment could properly be incorporated in his case on appeal from any judgment of conviction, and

would thus become an intermediate order reviewable thereon. The headnote to syllabus No. 2, reading, "Order denying motion to quash indictment appealable," does not mean that such order is appealable independently of the judgment. The whole reasoning of the opinion of Judge Haight is to the effect that such order could be incorporated in the case on appeal from the judgment of conviction, and therefore would be reviewable as an intermediate order. It is in that sense, and in that sense only, that such order·is appealable.

Any other rule of practice would be disastrous to criminal procedure and the trial of indictments. Criminal trials could be indefinitely postponed if appeals were permitted from each intermediate order and ruling made upon the motion of the defendant.

[4] The motion in the case at bar was made upon the ground that the facts stated in the first count of the indictment did not constitute a crime, which is one of the grounds of demurrer provided by section 323 of the Code of Criminal Procedure. The defendant therefore had his remedy by demurrer.

[5] It is only where a substantial right is affected which cannot be otherwise raised that the courts have enlarged the grounds for the setting aside of an indictment, and have held that section 313 was not restrictive as to the grounds upon which such a motion might be made. The defendant's motion was oral, and section 324 provides that a demurrer must be in writing.

[6, 7] Besides, the defendant had pleaded not guilty, and, while that plea stood, could not demur. But, even if the motion be deemed equivalent to a demurrer, still the defendant had no right to appeal from the judgment entered thereon. People v. Canepi, supra.

If we are right in our conclusions, it follows that the appeal must be dismissed.

======

### PEOPLE v. DIENHART.

(Supreme Court, Appellate Division, Fourth Department. March 5, 1913.)

1. CRIMINAL LAW (§ 1005*)—APPEAL—STATUTORY PROVISIONS.

The provision of Code Cr. Proc. § 749, that a judgment of conviction rendered by a Court of Special Sessions may be reviewed by the County Court upon appeal as prescribed by that title, "and not otherwise," merely limits the mode of review to an appeal, excluding certiorari, and does not limit the grounds for an appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2563; Dec. Dig. § 1005.*]

2. CRIMINAL LAW (§ 1023*)—APPEAL—STATUTORY PROVISIONS.

Under Code Cr. Proc. § 749, providing that a judgment of conviction rendered by a Court of Special Sessions may be reviewed by the County Court of the county upon appeal, section 750 authorizing appeals for an erroneous decision or determination of law or fact upon the trial, and section 764 authorizing the County Court to render the judgment which the court below should have rendered, affirm, reverse, order a new trial, or modify the sentence, an appeal may be taken solely for a review of the justice's discretion in imposing a sentence within his jurisdiction; an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes