ISAAC NYGAARD, Respondent, v. SAMUEL ALTMAN, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ.

POUGHKEEPSIE TRUST COMPANY, Appellant, v. WASHINGTON HOLLOW COUNTRY CLUB, INC., and Others, Respondents. EARL HAWLEY, Purchaser, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY GEORGE, Appellant.— Judgment of conviction of the County Court of Queens county unanimously affirmed. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN KEARNS, Appellant.— Judgment of conviction of the County Court of Kings county reversed upon the law, and a new trial ordered. It was error for the court to indulge in the remark as to the defendant's ability to produce on his own behalf an " available witness," referring to one of defendant's companions. The law placed no such duty upon the defendant. The trial court also erred in its charge on the subject of character evidence, limiting the application of such testimony to " a doubtful case " and " a close case." This remark and charge, while not excepted to, constitute ground of error, and in our opinion call for a reversal, in the interests of justice, under section 527 of the Code of Criminal Procedure. Kelly, P. J., Jaycox. Kelby and Kapper, JJ., concur; Rich, J., dissents and votes to affirm.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL OLIVER, JR., Appellant.— Appeal from order of County Court of Suffolk county overruling demurrer to indictment dismissed. There is no statutory authority for an appeal by defendant in a criminal case from an order overruling his demurrer and denying his motion to dismiss the indictment. The right to appeal in such cases is purely statutory. (Code Crim. Proc. § 517; *Matter of Montgomery,* 126 App. Div. 72.) Such order can be brought up for review upon appeal from a formal judgment of conviction. (*People* v. *Carroll,* 105 App. Div. 147; *People* v. *Markham,* 114 id. 387; *People* v. *Lazersohn,* 147 id. 227; *People* v. *Mascola,* 174 id. 360.) The claim that defendant has been once put in jeopardy for the offense charged, and acquitted or convicted, must be raised by plea to the indictment. (Code Crim. Proc. § 332.) It was not before the court on the demurrer, and the alleged " stipulation " as to the facts involved in the former trial has no place in the record. Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ., concur

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ABRAHAM SCHLINDER, Alias ABRAHAM CELENDER and Another, Respondents.— Judgment and order of the Court of Special Sessions modified by striking therefrom the provision dismissing the complaint, and by inserting instead a direction for a new trial; and as so modified affirmed. No opinion. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.