THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LOUIS AVALONE, Appellant.

First Department, November 4, 1938.

*John C. McDermott,* for the appellant.

*Charles C. Tillinghast, Jr., Deputy Assistant District Attorney,* of counsel [*Thomas E. Dewey, District Attorney*], for the respondent.

TOWNLEY, J. The defendant-appellant was indicted along with one Cataldo for the crime of criminally buying, receiving, concealing and withholding stolen property. Cataldo was not convicted as a receiver of stolen property. He pleaded guilty, however, to attempted grand larceny in the first degree.

At the trial of Avalone the only significant testimony was given by Cataldo. Cataldo testified that Avalone had offered him certain stolen rings, that Cataldo had valued them and had finally paid Avalone the amount of the valuation and had taken possession of the property. This transfer of the property occurred about a week after the robbery.

Avalone rested on the People's case. This fact led the court to charge as follows: " The law is that the defendant can stand mute. He does not have to take the stand; he does not have to testify, and that may not be used against him, *except* with respect to the law which I have charged you about, as to recent possession. If you find that he had exclusive, conscious and recent possession, if you find that he had such possession and it was recent, conscious and exclusive, and there was a failure to explain it, or it was falsely explained, and it was with knowledge and felonious intent, in spite of the fact that he has not taken the stand, you would be justified, if you find all the elements I have defined for you, in finding the inference of such recent, conscious and exclusive possession. *Ordinarily* the defendant does not have to take the stand, and neither the District Attorney nor the Judge may comment on that fact."

We think that the charge was misleading and may have prejudiced the jury. An accused person is not compelled to testify on his own trial. This privilege is absolute. Refusal to testify does not create any inference or presumption that may be used against him. (*People* v. *Courtney*, 94 N. Y. 490.)' In the above charge the use of the word " except " in the first part of the quotation and the use of the word " ordinarily " in the latter part plainly conveyed to the jury that under certain circumstances the defendant might be obligated to take the stand. The rule with respect to the obligation of a person having conscious and recent possession of stolen property was also referred to in this part of the charge. This must have conveyed to the jury the impression that there was some obligation on the part of the defendant to make an explanation at the trial. The harm resulting from the charge was somewhat aggravated by the prior remarks of the district attorney in summing up. Under somewhat similar circumstances in passing on a charge (*People* v. *Manning*, 278 N. Y. 40, 44) the Court of Appeals said: " The defendant did not testify for himself. As to this, the trial judge charged the jury: ' Now, the law says that a defendant has the right to take the stand as a witness in his own behalf but for his failure or refusal to do so no inference of guilt shall be drawn against him. That means just what it says. The judge is not permitted to comment on it. You may not infer or

presume innocence. You simply must not infer anything except to know that he did not take the stand, and your task is to decide the case upon the believable evidence of witnesses who did take the stand.' This was error. ' In the trial of a criminal case it can never be necessary to add anything to the plain and simple language of the statute on this subject. The fact that the accused does not testify in his own behalf cannot be permitted to create any presumption against him. That is the plain mandate of the law, and the force of the proposition should not be weakened and destroyed with the jury by qualifying words.' (*People* v. *Fitzgerald*, 156 N. Y. 253, 266.) "

While it is true that no exception was taken to this part of the charge, under the circumstances of this case the error should not be overlooked. (*People* v. *Kearns*, 214 App. Div. 804.)

The judgment should be reversed and a new trial ordered.

MARTIN, P. J., O'MALLEY, GLENNON and DORE, JJ., concur.

Judgment unanimously reversed and a new trial ordered.