■ BELLA SILVERMAN, Appellant, et al., Plaintiff, v. MORRIS OBERMAN et al., Respondents, et al., Defendant.— Appeal from an order of Supreme Court, Special Term, Sullivan County which denied a motion to punish the defendants Oberman and Oberman for contempt of court for violating an injunction decree rendered after trial in the above-entitled action. Plaintiff and defendants are owners of adjacent parcels of real estate located in the hamlet of Old Falls, town of Fallsburgh, Sullivan County, New York. There are retail stores on both parcels. The deed to defendants contains a restrictive covenant to this effect: " The parties of the second part shall not use or occupy the above described premises * * * for the sale of fruit, vegetables and produce at wholesale or retail, delicatessen, grocery, dairy or appetizing store ". The injunction decree enjoins and restrains the defendants Oberman " from using the premises described in the complaint for the sale of fruits, vegetables and produce, at wholesale or retail, delicatessen, grocery, dairy or appetizing store." Concededly the defendants Oberman sold salami and unprepared frank-furters in their store which was operated as a meat and poultry market. Special Term held that the injunction did not prohibit the sale of all articles that may be purchased in a delicatessen store. Affidavits were submitted which indicated that salami and unprepared frankfurters are commonly sold in meat and poultry markets in the vicinity. It is apparent from the language of both the restrictive covenant and the injunctive decree that the language of neither is clear and precise, and not very artfully drawn. Both are capable of con-struction that the defendants are not prohibited from the sale of all articles that may be purchased in a delicatessen store so long as they do not actually operate what is commonly known as a delicatessen store. We agree with the Special Term that the contempt proceeding is based upon an order which is neither clear nor concise; and in view of the proof that salami and unprepared frank-furters are customarily sold in meat and poultry markets in the vicinity, there is no sound basis for punitive action. It may be added that in a recent case it was said that the question of what type of meat " ordinarily sold " in a " deli-catessen store " is " pregnant with controversy " (C. L. Holding Corp. v. Schutt Court Homes, 280 App. Div. 341, affd. 307 N. Y. 648). Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur

the crimes of burglary in the third degree and unlawful entry after a trial by jury in the County Court of Ulster County. For the conviction of burglary in the third degree defendant was sentenced to a term of imprisonment for not less than one and one-half years and not more than three years, the execution of which was suspended and defendant placed on probation for a period of two years. The imposition of sentence for the conviction of unlawful entry. was suspended. Several errors are assigned for reversal but we do not find the record supports them. For instance it is asserted that the District Attorney committed grievous errors in his summation and expressed a personal opinion as to the guilt of the accused. We find nothing in the record to support these assertions. A fair appraisal of the District Attorney's summation indicates that he argued from the evidence that defendant was guilty of the crimes charged and, there is nothing in the summation as a whole which indicates that it transcended the fair limits of an advocate's privilege. Nor do we find that the trial court erred in its charge by failing properly to instruct the jury as to the law pertaining to burglary in the third degree and unlawful entry. No exception was taken to the charge and from our reading it appears to be fair and comprehensive. The quantum of proof was sufficient to establish defendant's guilt of the crime of burglary in the third degree. The fact that a dwelling house had been broken into and entered was established by reputable witnesses. There is proof that a gun belonging to the owner of the dwelling was in the defendant's possession thereafter, and that he arranged with a friend of his to sell the same. His friend testified that later the defendant admitted to him that he broke into the building and took the gun. The credibility of this witness was for the jury, and, if they accepted his testimony, which they evidently did, the crime of burglary in the third degree was established beyond a reasonable doubt. There are only two errors that we can find in the case. The defendant was not asked, when judgment was passed upon him, whether he had any legal cause to show why judgment should not be pronounced against him. The judgment therefore was defective although the defendant was represented by counsel at the time (*People* v. *Canepi,* 181 N. Y. 398). However a defective judgment of this character is not sufficient to require a reversal of an otherwise valid verdict of conviction. The matter may be remitted to the trial court to have the necessary inquiry made and a valid judgment thereafter entered (*People* v. *Kaminsky,* 208 N. Y. 389; *People* v. *Craig,* 295 N. Y. 116). Defendant was convicted on both counts of the indictment. Since the evidence was not only sufficient to sustain the conviction for the crime of burglary in the third degree, but could not logically be construed in any other manner if the testimony of the chief witness Du Bois was accepted, a conviction for the crime of unlawful entry was precluded. Section 405 of the Penal Law provides "A person who, under circumstances or in a manner not amounting to a burglary, enters a building, or any part thereof, with intent to commit a crime, is guilty of a misdemeanor." This is not a case where a conviction for the more serious charge of burglary in the third degree must be reversed under section 390 of the Code of Criminal Procedure, which provides that where there is reasonable doubt as to which of two or more degrees the defendant may be guilty he can be convicted of the lowest degree only. However since there was a finding that defendant had committed the crime of burglary he should not have been convicted also of the crime of unlawful entry and that part of the judgment should be reversed and such count in the indictment dismissed. The judgment of conviction for the crime of burglary in the third degree is affirmed but the sentence reversed and the matter remitted to the trial court for resentence and compliance with section 480 of the Code of Criminal Procedure. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.