Johh'J. Walsh, J.
This is an appeal from an order of the Utica City Court (Hon. Matthew S. Ogohowski, City Judge) denying a motion to dismiss the information against the defendant charging him with a violation of section 975 of the Penal Law, possession of policy slips.
The information on its face states a crime within the provisions of section 975 of the Penal Law, a criminal matter triable in that court.
The right of a defendant to appeal in a criminal case is purely statutory. It is fundamental that appeals do not lie in most instances from any intermediate orders and that defendant’s right to appeal from intermediate orders is reserved until such time as an appeal is made from a judgment of conviction. (People v. Oliver, 214 App. Div. 804; People v. Hale, 136 App. Div. 664; People v. Peetz, 7 A D 2d 999.)
The basis upon which defendant urges the dismissal of the information is that the police officer entered upon the premises of defendant without a warrant and searched him and finding the so-called illegal slips proceeded to arrest the defendant. He claims that such action constituted an illegal search and seizure and an unlawful arrest and detention, and that the information was thus obtained contrary to, and in violation of defendant’s constitutional rights.
*321 Defendant has been provided in this State with a statutory remedy (Code Grim. Pro., §§ 813-c-813-e, eff. April 29,1962) to move in the original court for the suppression of evidence. There is no indication in the moving papers that this has been done.
It is significant that even in the case of a motion to suppress under the statute, that an order in the original trial court denying such a motion may be reviewed only on appeal from a judgment of conviction (see § 813-c).
Defendant has no standing in Oneida County Court to appeal from the intermediate order in the City Court of Utica, denying his motion to dismiss the information except from his appeal from a judgment of conviction, if that result occurs.
Appeal dismissed.