John J. Walsh, J.
This is an appeal from an intermediate order of the Utica City Court (Matthew S. Ogonowski, J.) dated June 1, 1964 denying a motion to disqualify and prevent the District Attorney or any members of his staff from appearing and prosecuting the defendant on a misdemeanor charge in the City Court of Utica.
The defendant contends that the Utica City Court Act in sections 33 and 34 specifically prohibit the District Attorney from prosecuting a defendant on a misdemeanor charge in the said City Court and that this presents a question of jurisdiction.
Section 33 provides that it shall be the duty of the Corporation Counsel of the City of Utica to appear and represent the People “ in all criminal actions and proceedings, in which the offense charged is not a felony and was committed within the corporate limits of the city of Utica.”
Section 34 declares that it shall be the duty of the District Attorney to appear in said court and represent the People “ in all actions and proceedings therein, where the offense charged is a felony or a misdemeanor, not triable in said court.”
The offense of which defendant stands charged is one of those misdemeanors which while triable in a Court of Special Sessions may nevertheless be subject to transfer to a Grand Jury. Since no action has been taken to remove this ease, defendant argues that the District Attorney is divested of power to prosecute the matter in the City Court.
Section 700 of the County Law provides that ‘ ‘ It shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed ”.
The. District Attorney is a quasi-judicial officer and as such has wide discretion in the manner in which his duty shall be performed and unless he is proceeding or about to proceed without or in excess of jurisdiction such discretion cannot be interfered with by the courts. (Matter of Coleman v. Lee, 1 Misc 2d 685.)
In Matter of Johnson v. Boldman (24 Misc 2d 592) the court interpreted the word “duty” as used in section 700 of the County Law not to require a District Attorney to prosecute violations of village ordinances in a Court of Special Sessions. The court there said (p. 594): “It is this court’s opinion, for reasons hereafter stated, that, despite its common connotation of being a thing absolute and inviolable, the word ‘ duty ’ as *629 used in subdivision 1 of section 700 of the County Law and as applicable to village ordinances is surrounded by permissive and nonabsolute implications, and is intended by the Legislature not so much to require action as to preserve the right to- act when sound discretion dictates.”
Similarly, such interpretation of the word * ‘ duty ’ ’ insofar as section 33 of the Utica City Court Act is concerned seems logical.
As the court said in Matter of Johnson v. Boldman (supra, pp. 594-595): “ A District Attorney is a quasi-judicial officer with wide latitude in the discretionary exercise of his duty to prosecute crimes and offenses of a criminal nature provided there is an actual and reasonable exercise of discretion within the bounds of the office’s jurisdiction.”
In any event, this intermediate order is not subject to appeal to this court at this time.
Section 105 of the Utica City Court Act provides only for appeal in criminal cases from “ a judgment of conviction rendered by the city Court of Utica ” and as provides by the Code of Criminal Procedure.
Section 749 of the code provides for an appeal from a “ judgment upon conviction ’ ’ to the County Court, ‘ ‘ and not otherwise.” (See previous opinion of this court in People v. Oliver, 38 Misc 2d 320.)
The instant motion is almost an application for an order of prohibition. In Matter of Cooley v. Wilder (234 App. Div. 256, revg. 139 Misc. 321) the court said that such an order is justified only by extreme necessity when the alleged grievance cannot be redressed by appeal.
In that case, the demand for a jury trial was denied by the Court of Special Sessions and an order of prohibition followed. In reversing the granting of the order, the court said (p. 260): ‘ ‘ If conviction follows a trial without a jury of six men an appeal may be taken. (Code Crim. Proc., §§ 749, 750.) And upon that appeal every claim made by respondent on the trial may be urged and every determination of law or fact be reviewed. The occasion is not one permitting resort to the drastic remedy of prohibition ”.
Accordingly, the appeal herein is dismissed as premature and without prejudice.