■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD BILELLO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered January 25, 1971 upon resentence, based on a 1968 conviction in said court of murder in the second degree, upon a jury verdict; the resentence was for the same prison term as originally imposed, 40 years to life, *nunc pro tunc* as of the date of the original sentence, September 18, 1968. On a prior appeal, from the original judgment, this court remanded the case to the trial court for the resentencing (*People* v. *Bilello,* 35 A D 2d 741). Judgment affirmed. No opinion. Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD FIGUEROA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 12, 1970 convicting him of criminally selling a dangerous drug in the second degree, criminal possession of a dangerous drug with intent to sell in the second degree, and criminal possession of a dangerous drug in the fourth degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms not to exceed five years on the first two counts and a conditional discharge on the third count. Judgment reversed, on the law, and new trial ordered. The findings of fact below have not been considered. In his summation the prosecutor stated: " I can vouch for the truthfulness and integrity of four New York City policemen and one civilian chemist. ⁂   ⁂   ⁂ Now, I not only can, I do vouch for their truthfulness." He thus made himself an unsworn witness supporting his case by his own veracity and position. Further in his summation the Assistant District Attorney remarked about the failure of defendant to call certain members of his family as witnesses, thus inferring that had they been called their testimony might have been damaging to defendant. Aside from the fact that that there is no evidence to show these persons had any knowledge of what transpired, there is no duty upon a defendant to call witnesses. Both of these remarks were highly improper and denied a fair trial to defendant (*People* v. *Lovello,* 1 N Y 2d 436; *People* v. *Kearns,* 214 App. Div. 804; *People* v. *Ferguson,* 245 App. Div. 837). We reach no other question. Martuscello, Acting P. J., Gulotta and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm. Shapiro, J., not voting.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTY GROSSMAN, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 25, 1970, convicting him of criminal possession of stolen property in the third degree, upon a guilty plea, and imposing sentence of a $500 fine, which was paid. Judgment reversed, on the law and in the interests of justice; motion to withdraw guilty plea granted; fine remitted; and case remanded to the County Court for further proceedings. Under the circumstances of this case, it was an improvident exercise of discretion to deny defendant's motion to withdraw his plea of guilty, in the face of his protestation of innocence and his assertion that he was pleading guilty to avoid subjecting his sick wife to the pressure and strain of a trial. Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.