■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CARLTON, Appellant.—Judgment, Supreme Court, New York County, rendered on February 13, 1973, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him to an indeterminate term of up to six years imprisonment, unanimously affirmed. During his summation the District Attorney made the following argument. "Mrs. Flowers positively identified Carlton, and the most damaging piece of evidence in this entire case against defendant Carlton then took place. Mrs. Flowers said, 'That's him'. Carlton said, 'I am not the one who pulled the knife on you'. And she said, 'But you are the one who pushed me'. And what was the answer, silence, the most damaging piece of evidence in this trial on the part of defendant Carlton, admission by silence of the entire participation in the crime on his behalf". This statement by the District Attorney was grossly improper. Recognizing this fact the court did attempt to offset the damage by charging the jury as follows: "I charge you now that a person charged with a crime is not required to make any statement at any time

and the mere fact that Mr. Carlton made no response at one point in the hallway, is not to be considered by you as any evidence of his guilt." The defendant also contends that the court improperly charged the jury on the law applicable to the failure of the defendant to testify. The language of the court in this connection reads as follows: "As requested by defense counsel, I instruct you that the fact that a defendant did not testify is not a factor from which any inference unfavorable to a defendant may be drawn". It is established law that there is no necessity for a trial court, in charging the jury on this subject, to use any language other than that contained in the applicable statute. In *People v McLucas* (15 NY2d 167, 171), the court said: "This court long ago warned that 'In the trial of a criminal case it can never be necessary to add anything to the plain and simple language of the statute', [CPL 300.10] that any statement of a Trial Judge which tends to deprive a defendant of the full protection of the statute is reversible error and that the force of the constitutional protection is not to be weakened by qualifying words [citing cases]." Therefore, the court should not have used the words "As requested by defense counsel." (Also, see *People v Avalone,* 255 App Div 283; *People v Johnson,* 37 AD2d 733.) The defendant made no objection and took no exception to the above-cited rulings. Despite this failure, we recognize the fact that it is within our discretion to consider these claims of error. However, on the state of the record and in view of the proof offered against the defendant, we entertain no reasonable doubt that the result would have been the same as was reached by the jury, even if the claimed errors relied upon by the defendant had not occurred. *(People v Crimmins,* 36 NY2d 230.) Concur—Kupferman, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.